**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**SHREVEPORT DIVISION**

**ROBERT CLINTON JONES**                    **CIVIL ACTION NO. 24-1793-P**

**VERSUS**                                                      **JUDGE VAN HOOK**

**BOSSIER CITY, ET AL.**                          **MAGISTRATE JUDGE HORNSBY**

**REPORT AND RECOMMENDATION**

In accordance with the standing order of this court, this matter was referred to the undersigned Magistrate Judge for review, report and recommendation.

**STATEMENT OF CLAIM**

Before the court is a civil rights complaint filed in forma pauperis by pro se plaintiff Robert Clinton Jones ("Plaintiff"), pursuant to 42 U.S.C. § 1983.  This complaint was received and filed in this court on December 26, 2024.  Plaintiff is detained at the Bossier Maximum Security Center in Plain Dealing, Louisiana.  He names Bossier City, the Bossier City Police Department, Officer Mims, Officer Pollit, Sheriff J. Whittington, Assistant District Attorney Jessica Davis, the Bossier Parish Indigent Defender Board, Attorney Alonzo Jackson, John Doe, the Street Crime Interdiction Unit, the Parish of Bossier, the Bossier Parish Sheriff Office, Unknown Jailers, J. Schuyler Marvin, and the State of Louisiana as defendants.

Plaintiff claims that on December 28, 2023, he was arrested after a routine traffic stop that resulted in an unreasonable search and seizure.  The traffic stop was initiated by

Bossier City Police Department Street Crime Interdiction Unit Officers Mims and Pollit for a broken taillight-improper equipment. He claims the police officers did not have a warrant or probable cause and relied on an automobile exception to the warrant requirement.

Plaintiff claims that pursuant to the Reporting Officer Narrative, contact was made with him and as he was exiting the vehicle he was advised of the reason for the traffic stop. Plaintiff responded that someone hit his vehicle and caused damage to the light. The officer advised Plaintiff that he understood but it was still a violation because of the white light illuminating from the rear of the vehicle. He continued to argue, became frustrated, and stated that his rights were being violated. Plaintiff was nervous, talking excessively, pacing, and arguing. The officer then conducted a pat down of Plaintiff for officer safety. The officer also conducted a warrant check and advised Plaintiff that he had active warrants through the Smith County Sherriff Office, and they would extradite.

The officer then asked Plaintiff if there was anything illegal inside the vehicle and he responded no. Plaintiff denied the officer consent to search the vehicle. Officer Pollit and his K9 were on the scene and conducted a plain air smell of the exterior of the vehicle. Plaintiff was advised that the dog alerted that there were narcotics inside the vehicle or had been inside the vehicle. The officer searched the vehicle and located a black backpack on the passenger seat next to where Plaintiff was sitting. The officer found three firearms in the backpack but did not find narcotics. Plaintiff was advised of his Miranda rights, and he then stated that the firearms belonged to a friend who he had given a ride. The officer

asked Plaintiff for the friend's name and Plaintiff paused for a long time as if he was trying to think of a name to provide.  The officer then checked to see if the firearms were stolen, and he was advised they were not.

Plaintiff argues that he was unreasonably searched and seized without probable cause.  He further argues that the oath on the arrest report narrative is chronologically inaccurate, highly prejudicial, and written to support unfounded suspicion.  Plaintiff admits there was an objectively reasonable basis for the stop but argues the actions of the officers were not justified and not reasonably related in scope to what justified the stop.  He further argues that the officer's unparticularized hunches or generalized suspicions did not support any reasonable inferences of separate illegal activity and were dispelled when no narcotics were found.  He claims he did not own the backpack and did not knowingly possess the firearms.

Plaintiff claims he was not given a timely 48-hour hearing.  He states he was arrested on December 28, 2023, and the affidavit of probable cause was not signed until December 31, 2023.  Plaintiff claims he appeared at a 72-hour hearing for the setting of bond and appointment of counsel.  Plaintiff claims he is statutorily entitled to release and has a claim for damages resulting from the violation.  He argues that the 72-hour hearing does not cure the defect of untimeliness, nor does it waive his right to a preliminary examination before a bill of information.

Plaintiff claims he is in custody based upon an affidavit that contains incorrect information and rests upon unfounded suspicion.  He claims the judge lacked the requisite

facts within the four corners of the affidavit to detain him for further proceedings without releasing him on his own recognizance pending a full adversarial preliminary examination. He claims the judge combined the 48-hour and 72-hour hearings.

Plaintiff claims that the hearsay evidence provided by the officer conflicts with the evidence. He argues that a vehicle is an extension of a person's home and people commonly leave their possessions in another person's vehicle. He claims the firearms have not been declared contraband. He further claims the firearms have been seized, so there is no risk of a crime being committed before a probable cause determination can be made. He argues that the State lacks requisite facts within the four corners of the affidavit to hold him in custody until a preliminary examination can be held. He claims that if probable cause is then found, he can be rearrested, and a bond can be set.

Plaintiff argues that upon reading the affidavit, it is clear the officer's suspicions were unfounded and were quickly dispelled. He claims no narcotics were found and the firearms have not been declared contraband. Plaintiff claims he has been in custody for an extended period and the time-period for filing pretrial motions has expired.

Plaintiff argues that at a preliminary examination before the bill of information, he could have subjected the officer's testimony to cross-examination. He also argues that the owner of the firearms could have been subpoenaed. He further argues that the hearing could have preserved a transcript for a timely motion to suppress.

Plaintiff argues that he stated the backpack belonged to a friend, but the officer stated he said the firearms belonged to a friend. He states that the officer's narrative states

that an inventory search was conducted on the vehicle for Plaintiff's protection of loss of items.  He argues that the backpack was in the passenger seat where a passenger might have left it.  He next argues that the firearms came back clean, thus the subpoenaed testimony may have resolved the issue.  Plaintiff lastly argues that a transcript of testimony for a timely motion to suppress could have been preserved.

Plaintiff states that the time for filing pretrial motions has expired.  He claims the time-period for filing pretrial motions to suppress is 30 days after the receipt of discovery. Plaintiff states he appeared for arraignment on March 7, 2024.  He claims the attorney of record Alonzo Jackson waived the formal reading of the bill of the information without speaking to him.  He claims the attorney informed him of a plea offer without discussing whether there was probable cause.  He claims the attorney received a copy of the discovery on February 27, 2024.  Plaintiff claims that after he refused the plea agreement, he asked the attorney for a copy of the discovery and to file a motion to suppress.  He claims a motion to suppress should have been filed not later than March 27, 2024 for a timely hearing to be held on the next court date which was April 22, 2024.  Plaintiff claims that after several failed attempts at communication, he filed two pro se motions to preserve his objection to the admissibility of evidence.  He filed a motion for copy of discovery and motion to act as co-counsel for the preparation and filing of pretrial motions.

Plaintiff claims that on April 22, 2024, the attorney was present without a motion to suppress, and no timely or meaningful hearing was held.  He claims the matter was reset for July 2, 2024.  He claims that on April 24 or 25, 2024, the Judge denied both of his pro

se motions.  Plaintiff claims that on July 2, 2024, the judge instructed the attorney to file a motion for preliminary examination and set the matter for a hearing on August 5, 2024.

Plaintiff states he met with the attorney for the first time during the week before August 5, 2024.  He claims he discussed with the attorney the merits of the claims and asked the attorney to present them.  He claims he also explained to the attorney that he asked that a motion to suppress be filed and that the motion would now be untimely.  He claims the attorney did not file the motion as instructed on July 2, 2024, and refused to present the merits of the claim.  He states that on August 5, 2024, the attorney was not present, and the matter was reset for a conference on October 3, 2024, and a trial on February 3, 2025.

Plaintiff states that on October 3, 2024, the attorney had the matter set for a status conference.  He claims a preliminary examination and hearing were not held.  He claims he attempted to explain the merits of his position and to present the affidavits to support his release on ROR.  He claims the judge asked the attorney if he would adopt and present the merits and the attorney refused.  He states the matter was reset for October 24, 2024.

Plaintiff states that on October 24, 2024, the attorney filed a motion for a sanity commission instead of adopting and presenting the merits of his case.  He claims the attorney argued that he lacked mental capacity at the time the crime was committed, that he had a medical condition which caused him extreme difficulty communicating at the time immediately following his arrest, and he did not appear to understand the proceedings against him because of hallucinations and ulterior projections.  Plaintiff argues that he

should have been relieved of his bond obligation until the reports were complete. He claims the attorney left him in custody to cause duress in order to aid the State in convicting him.

Plaintiff states that on December 6, 2024, he met with two doctors. He states that on December 9, 2024, the judge, based upon the reports and without objection from the District Attorney, declared him competent to proceed. The matter was set for a status conference on January 13, 2025.

Plaintiff states that on January 2, 2025, he filed an application for writ of habeas corpus ad prosequendum in the Louisiana Twenty-Sixth Judicial District Court. On January 13, 2025, Plaintiff received a ruling. He states that the attorney of record Alonso Jackson refused to adopt and present the merits of the claims. Plaintiff claims the State had body wear cam and a motor vehicle system in use. He claims he briefed his writ without the use of the videos. He claims the attorney allowed the State to sandbag discovery. He claims a trial date was set for February 3, 2025.

Plaintiff states that on February 3, 2025 the attorney was present in court. He claims the attorney had not communicated with him and had not prepared. He claims the attorney had not contacted the owner of the firearms and intended to allow inadmissible evidence to be presented. He claims the attorney made a preliminary plea and asked for a six-month continuance. He claims the plea suspended the running of the time limits upon trial.

Plaintiff claims that on February 20, 2025, the judge ruled on the January 13, 2025 notice of intent and set a return date. He claims the judge did not order the clerk to provide the requested information to comply with the uniform rules of the court of appeals. He

claims that because of this, the Louisiana Second Circuit Court of Appeals returned the writ application unfiled. Plaintiff then filed a motion for extension of time and a request for court minutes. He claims the judge failed to promptly respond in order to delay the proceedings and deprive him of due process. Plaintiff states that on May 23, 2025, he received a ruling from the judge denying his request for an extension of time and a return date and granting him a copy of the court minutes. Plaintiff filed a motion to reconsider on May 27, 2025, which was denied on June 13, 2025. Plaintiff states that as of June 1, 2025, he is represented by court appointed attorney Rudy Lewis.

Plaintiff claims the search and seizure were unreasonable and the evidence should be excluded at trial. He argues the search occurred before he was arrested. He further claims that at the time of the seizure, he was 20 feet from the vehicle and in the presence of two officers and a K9, therefore it would be unreasonable to believe he could have or would have gained access to a weapon.

Plaintiff claims that nervousness alone is not reasonable suspicion. He argues that the officer's two articulated reasons do not support any reasonable inferences of separate illegal activity. He argues that if the active warrants were found at that time, the vehicle was no longer mobile.

Plaintiff claims the officer's actions after the reasonable basis for the traffic stop were not reasonably related in scope and were not justified. He claims that once the active warrants were located, the mission of the stop was complete. He claims the officer's two articulated reasons did not support detaining him to conduct a dog sniff. He claims that

after the dog alerted, no narcotics were found.  He claims the affidavits should be rejected in their entirety as highly prejudicial, chronologically inaccurate, and based on unfounded suspicion.  He argues the traffic stop was used to rummage through his property and the evidence is being used against him in violation of his rights and causing the loss of life, security, liberty, property, and privacy.

Plaintiff claims he has been denied effective assistance and his right to a speedy trial.  He claims that during his arraignment, his attorney waived the formal reading of the bill and without any consultation asked him to accept a plea agreement.  Plaintiff refused the plea agreement and asked for a copy of the discovery and to file a motion to suppress. He claims his attorney waived his right to a preliminary examination.  Plaintiff filed a motion to act as co-counsel and a motion for a copy of the discovery to preserve his objection to the admissibility of the evidence.  He claims the attorney breached his contract of employment by failing to fulfill his duties.  He also claims the attorney breached his fiduciary duty.

Plaintiff states that the judge denied him access to the court due to the appointment of counsel.  He claims the IDB Board and attorney Alonzo Jackson denied him his Sixth Amendment rights, breached their fiduciary duty, breached their contract, misrepresented him, falsely imprisoned him, and neglected a matter entrusted to them.

Plaintiff argues he is being maliciously prosecuted.  He claims he was arrested and imprisoned without probable cause.  He claims the warrants from the Smith County Sheriff

Office were not found until after the firearms came back clean. He argues the dog did not alert because no narcotics were present.

Plaintiff was charged with three counts of possession of a firearm or carrying a concealed weapon by a convicted felon, one count of operating a vehicle with an expired driver's license, and one count of operating a vehicle without proper required equipment.

Accordingly, Plaintiff seeks declaratory and injunctive relief, compensatory, punitive, and exemplary damages, interest, fees, costs, and any additional relief which is just, proper, and equitable.

Plaintiff filed an Updated Information in Support of Motion for Declaratory and Injunctive Relief, and Request for TRO (Complaint) (Doc. 20). In said filing, Plaintiff repeats claims in his previous complaints, amended complaints, and memorandums in support of his filings. He challenges his ongoing criminal proceedings in the state trial court.

## LAW AND ANALYSIS

### Heck Claims

Plaintiff was arrested and charged with three counts of possession of a firearm or carrying a concealed weapon by a convicted felon, one count of operating a vehicle with an expired driver's license, and one count of operating a vehicle without proper required equipment. If Plaintiff is ultimately convicted of the pending charges, a favorable ruling on his claims could call into question the validity of his convictions. Plaintiff would not be entitled to seek relief for these claims until such time as the convictions in question have

been declared invalid.  See Heck v. Humphrey, 512 U.S. 477 (1994).[1] However, since the criminal prosecution in Plaintiff's case remains pending, Heck does not apply at this time. See Wallace v. Kato, 549 U.S. 384 (2007) (the Heck rule applies only when there has been a conviction or sentence that has not been invalidated, not to pending criminal charges).

In cases such as Plaintiff's, where charges remain pending, federal courts have been authorized to stay civil rights claims attacking the legality of a detainee's arrest, prosecution, and detention until such time as the allegedly improper state prosecution has been concluded.  See Wallace, 549 U.S. at 393-94.

In Wallace, the Court stated, "if a plaintiff files a false arrest claim before he has been convicted (or files any other claim related to rulings that will likely be made in a pending or anticipated criminal trial), it is within the power of the district court ... to stay the civil action until the criminal case ... is ended." Id. at 393-94.  The Fifth Circuit has noted that, in such cases, the court "may - indeed should - stay proceedings in the section 1983 case until the pending criminal case has run its course. . .." Mackey v. Dickson, 47 F.3d 744, 746 (5th Cir. 1995); see also Busick v. City of Madison Miss., 90 Fed. Appx. 713, 713–714 (5th Cir. 2004).

---

[1] In Heck, the Supreme Court held that, in order to recover damages for an allegedly unconstitutional imprisonment or other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. 477 (1994).

Plaintiff's civil rights complaint should be stayed pending the outcome of the criminal charges. Thereafter, in the event Plaintiff is convicted, he may pursue this § 1983 claim only upon a showing that the suit is not barred by Heck.

**Motion for Declaratory and Injunctive Relief and Request for TRO(Complaint)**

Plaintiff filed an Updated Information in Support of Motion for Declaratory and Injunctive Relief and Request for TRO(Complaint) (Doc. 20).  In said motion, Plaintiff seeks declaratory and injunctive relief against the Defendants named in his complaint and a temporary restraining order.  In support of his motion, he incorporates allegations contained in his complaint, amended complaints, and memorandum orders.  He claims the prosecution against him is in bad faith.  He claims his detention is illegal and the time-period for filing pretrial motions has expired.  He seeks to have the Defendants restrained from prosecuting him, his immediate release, and damages for the violations of his civil rights.  He also seeks to have the evidence declared inadmissible.

Rule 65 of the Federal Rules of Civil Procedure provides, in pertinent part, as follows:

> (b) A temporary restraining order may be granted without written or oral notice to the adverse party or that party's attorney only if (1) it clearly appears from specific facts shown by affidavit or by the verified compliant that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party's attorney can be heard in opposition...

In order for Plaintiff to obtain a preliminary injunction, he would have to show (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury absent an injunction, (3) that the threatened injury would exceed any harm that would flow

from the injunction and (4) that the injunction would not undermine the public interest. Walgreen Co. v. Hood, 275 F.3d 475, 477 (5th Cir. 2001). Plaintiff must prove all four elements and any failure to prove any one element will result in the denial of the motion. Enterprise Intern., Inc. v. Corporacion Estatal Petrolera Ecuatoriana, 762 F.2d 464, 472 (5th Cir.1985).

The allegations in this complaint do not present a substantial threat of irreparable injury absent a restraining order or injunction. The claims are capable of ready resolution through the ordinary litigation process. The allegations in this motion do not present a substantial likelihood of success on the merits at this time. They are the same or similar to the allegations in his complaint. The court further notes that a motion for temporary restraining order and/or preliminary injunction is not the proper vehicle to challenge pretrial detention.

Accordingly, it is recommended that the Updated Information in Support of Motion for Declaratory and Injunctive Relief and Request for TRO(Complaint)(Doc.20) be denied.

## CONCLUSION

Therefore, **IT IS RECOMMENDED** that Plaintiff's civil rights complaint be **STAYED** until the criminal proceedings against Plaintiff are completed, subject to the following conditions:

> Within thirty (30) days of the date the state court criminal proceedings have concluded, Plaintiff **SHALL FILE** a motion asking this court to lift the stay. The action will proceed at that time, absent some other bar to suit. See Wallace v. Kato, 549 U.S. 384 (2007).

Page 13 of 15

> If the stay is lifted and the court finds Plaintiff's claims would impugn the validity of his conviction, the action will be dismissed under <u>Heck</u>; if no such finding is made, the action will proceed at that time, absent some other bar to suit.

> In light of the stay, Plaintiff **SHALL NOT** file any more documents in this action until the state court proceedings have concluded.

**IT IS FURTHER RECOMMENDED** that Updated Information in Support of Motion for Declaratory and Injunctive Relief and Request for TRO(Complaint)(Doc. 20) be **DENIED.**

### OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objection within fourteen (14) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendations set forth above, within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking, on appeal, the proposed factual findings and legal conclusions that were accepted by the district court and that were not objected to by the aforementioned party.  See <u>Douglas v. U.S.A.A.</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).

**THUS DONE AND SIGNED** in chambers in Shreveport, Louisiana, this 19th day

of February 2026.

Mark L. Hornsby
U.S. Magistrate Judge